J-S39003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRIK HAWKINS | : | |
| | : | |
| Appellant | : | No. 2330 EDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0402001-2006

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 28, 2020**

Tyrik Hawkins appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

Following a bench trial, on June 6, 2007, Hawkins was convicted of third-degree murder, criminal conspiracy to commit murder, possessing an instrument of crime, and recklessly endangering another person.  The charges arose out of the November 7, 2005 shooting death of 16-year-old Daniel Starling.

On August 1, 2007, the court sentenced Hawkins to an aggregate term of 25 to 50 years' imprisonment.  On appeal, this Court affirmed Hawkins'

_____

[*] Retired Senior Judge assigned to the Superior Court.

judgment of sentence. *See Commonwealth v. Hawkins*, No. 2250 EDA 2007 (Pa. Super., filed Feb. 13, 2009) (unpublished memorandum decision). Hawkins did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On August 26, 2009, Hawkins filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on March 3, 2010. The Commonwealth filed a motion to dismiss and defense counsel filed a brief in opposition on behalf of Hawkins. On November 22, 2010, the PCRA court issued notice of its intent to dismiss Hawkins' petition pursuant to Pa.R.Crim.P. Rule 907, and ultimately dismissed Hawkins' petition on February 18, 2011. Hawkins appealed, and this Court affirmed. *See Commonwealth v. Hawkins*, No. 761 EDA 2011 (Pa. Super., filed Jan. 31, 2013) (unpublished memorandum decision). Hawkins filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which the Court denied on July 16, 2013. *See Commonwealth v. Hawkins*, 102 EAL 2013 (Pa. filed July 16, 2013).

Hawkins filed a second *pro se* PCRA petition on November 19, 2015. The PCRA court issued notice of intent to dismiss pursuant to Rule 907. Hawkins did not file a response, and the PCRA court dismissed the petition as untimely. Hawkins filed a *pro se* appeal, which this Court dismissed for failure to file a brief. *See Commonwealth v. Hawkins*, No. 2026 EDA 2018 (Pa. Super. filed Oct. 19, 2018).

On February 8, 2019, Hawkins filed a third *pro se* PCRA petition. The PCRA court issued Rule 907 notice. Hawkins did not file a response. On May

14, 2019, the PCRA court dismissed the petition as untimely. Hawkins did not appeal that order.

On May 15, 2019, Hawkins filed the instant *pro se* petition, his fourth. The court issued Rule 907 notice of intent to dismiss, and Hawkins filed a response. On July 10, 2019, the PCRA court dismissed the petition as untimely. Hawkins filed this timely appeal. He raises one issue for our review: "Did the PCRA court err by dismissing the PCRA petition as untimely and without holding an evidentiary hearing?" Appellant's Brief, at 4.[1]

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to an examination of whether the PCRA court's determination is supported by the record and free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). We will not disturb the court's findings unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A.

---

[1] Despite this Court granting the Commonwealth three requests for extension of time, the third extending the due date to July 21, 2020, and stating no further requests would be considered, the Commonwealth's brief was not filed until September 1, 2010.

§ 9545(b)(1).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  *Id.* at § 9545(b)(3).

Hawkins acknowledges his petition is facially untimely.[2]  The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in section 9545(b)(1)(i)-(iii)[3] of the PCRA,

---

[2] This Court affirmed Hawkins' judgment of sentence on February 13, 2009, and Hawkins did not file a petition for permission to appeal in the Pennsylvania Supreme Court.  His judgment of sentence, therefore, became final on March 16, 2009, when the time for filing such a petition expired.  *See* Pa.R.A.P. 1113(a) (petition for allowance of appeal shall be filed with Prothonotary of Supreme Court within 30 days after entry of order of Superior Court sought to be reviewed).  Thus, Hawkins had one year, until March 16, 2010, to file a timely PCRA petition.  *See* 42 Pa.C.S.A. § 9545(b)(1).  The instant petition, filed on May 15, 2019, is over nine years late.

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

and files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4] **See Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

Hawkins claims his petition falls within the newly-discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), which

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (internal quotation marks and citations omitted). Due diligence does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). **See Commonwealth v. Bennett**, 930 A.2d 1264, 1270, 1272 (Pa. 2007) (subsection (b)(1)(ii)

---

[4] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. **Id.** at § 3. Since Hawkins avers he obtained newly-discovered evidence on April 27, 2019, amended subsection 9545(b)(2) applies. Hawkins filed his petition on May 15, 2019, well within the applicable time requirement.

requires petitioner to allege and prove there were facts unknown to him and that he exercised due diligence); *see also Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017) (holding "the presumption that information which is of public record cannot be deemed `unknown' for purposes of section 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners.") (emphasis in original).

Hawkins argues those newly-discovered facts

were predicated on the "no-call" list released by District Attorney [Lawrence S.] Krasner.[5]  [Hawkins] learned of its existence [on] April 27, 2019, from a jailhouse lawyer in the prison's law library. That same day, [Hawkins] received a newspaper article, dated December 21, 2018, stating the law firm representing the Fraternal Order of Police, (FOP), is the very firm that represented [Hawkins] during trial [−f]acts he knew nothing of until April 27, 2019.

Appellant's Brief, at 8.  Hawkins averred the following in his petition:

Petitioner received a civil rights complaint, along with a list of corruption of the Philadelphia Police Department and Homicide

---

[5] The "Do Not Call" list is a list of police officers the Philadelphia District Attorney's Office declined to call as witnesses due to issues with the officers' credibility.  The list was drawn up in 2017, by order of District Attorney Krasner's predecessor, Seth Williams, and was used as an "internal guide," drawn primarily from a list of officers found to have committed serious misconduct by the Police Board of Inquiry. *"Under court order, District Attorney Krasner releases list of tainted police," Philadelphia Inquirer*, March 6, 2018.  The allegations of misconduct ranged from sexual abuse of children and soliciting prostitution, to corruption, aggravated assault, and homicide by motor vehicle.  *"Here are the 29 Philly cops on the DA's `Do Not Call' List," Philadelphia Inquirer*, March 6, 2018.  **See** https://www.nbcphiladelphia.com/news/local/29-problem-cops-named-in-philadelphia-district-attorneys-do-not-call-list/203166/  (last visited 9/9/20); https://www.nbcphiladelphia.com/news/local/philadelphia-district-attorneys-office-wins-court-battle-with-police-union/2222588/ (last visited 9/9/20).

Unit, and District Attorneys who were framing innocent people. Petitioner received the evidence from Frackville Law Library on April 27, 2019; and received additional new evidence that trial counsel was also found liable. Reference to the Philadelphia Police Department and Homicide Unit, and the District Attorney's Office hereafter "Officials." The Officials, including [c]ounsel[,] were all found liable by a [c]ourt or [j]ury for misconduct in furtherance of a conspiracy to deprive American [c]itizens of their civil and constitutional rights. See Exhibit B, C, D, E.

PCRA Petition, 5/15/19, at 3. Hawkins further averred that his attorney at trial, Fortunato N. Perri, Jr., Esquire, "had a contract and was representing the [FOP] at the same time he was representing Petitioner." *Id.* at 3-4. He claims "[c]ounsel and his [l]aw [f]irm admitted representing the [d]etectives as well as [p]etitioner." *Id.* at 9.

As the PCRA court noted, "defense counsel represents police officers in criminal and administrative matters and had done so for twenty years." Trial Court Opinion, 8/26/19, at 4. Hawkins gives no indication of a timeline or explanation of how this affected his trial in 2007, and provides no statement as to how the "do not call" list affected his trial. Further, Hawkins also points to an unrelated case in which a defendant filed a lawsuit against the Honorable Jeffrey P. Minehart, who presided over Hawkins' trial and PCRA proceedings. Again, Hawkins fails to explain how this case relates to his newly-discovered facts claim, or how it relates to the "do not call" list. He also fails to acknowledge that the complaint against Judge Minehart was dismissed with prejudice. *See Cook v. City of Philadelphia, et al*., No. 2304 C.D. 2015 (Pa. Cmwlth. Ct. filed Nov, 28, 2016) (unpublished memorandum decision).

- 7 -

Assuming, arguendo, that these facts were unknown to Hawkins and could not have been ascertained by the exercise of due diligence, Hawkins has failed to explain the exact nature of his claim. Hawkins has provided no connection between his case and the "do not call list" other than the fact that his counsel had represented the FOP and police officers in various cases over the past twenty years. We recognize that the newly-discovered facts exception to the timeliness requirement of the PCRA does not require a merits analysis of the underlying claim, **Bennett**, **supra** at 1271, however, Hawkins has not asserted a connection between his claim of police and official corruption and his 2007 trial. The inability to consider the merits of the underlying claim presents challenges since it is difficult to separate the purported newly-discovered facts from what those newly-discovered facts would actually prove, i.e., police corruption and defense counsel's conflict of interest. However, neither the claims in Hawkins' PCRA petition, nor any of the attached exhibits, explains how police and official corruption tainted *his* trial. Hawkins fails to make even a tenuous connection between the "do not call" list and his trial or his counsel's representation. **See Commonwealth v. Shannon**, 184 A.3d 1010, 1017 (Pa. Super. 2018) (discussing **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017), and finding that "the majority of our Supreme Court believes that[,] while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there *be some relationship between the two.*") (emphasis added).

Accordingly, because Hawkins has failed to show any connection between the underlying claims and his newly-discovered facts, we are unable to conclude that he has established the newly-discovered facts exception pursuant to section 9545(b)(1)(ii). Hawkins, therefore, is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/20